WARNER G. BAIRD AND JULIA DOLE BAIRD, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97439.

[1] MEMORANDUM SUR DECISION UNDER RULE 50 AND DENIAL OF MOTION TO VACATE, ETC.

STERNHAGEN: After alternative computations filed by both parties, a hearing was had under Rule 50. As petitioner states in his explanation of the discrepancy between the two computations, the respondent has increased the income by $4,083.20, representing interest on United States Liberty and Treasury bonds. Were it not for

---

[1] This decision was not promulgated as a printed pamphlet.

this item, the computations of both parties would be the same and show no deficiency.

This addition of $4,083.20 is unauthorized and unjustified. The item was not covered in the deficiency notice, the original petition, the original answer, or the trial. On July 15, 1940, two months after the trial, the respondent filed a motion for leave to file an amended answer for the purpose of raising the issue as to the item in question. The petitioner objected to the proposed amendment, and after due consideration the motion was denied, and the amended answer was not filed.

The findings of fact and opinion were promulgated October 15, 1940, and respondent's computation, which is said to be "in compliance with the Board's opinion determining the issues in this proceeding," was filed January 3, 1941. This computation, however, despite the absence of the item from the pleadings and the denial of the motion to amend the pleadings to raise the issue, adds the item to the income and as a result determines a deficiency. This is said to be supported by the Board's findings of fact. It is plain, however, that the facts, if they could be read to include such a finding, were not the result of a litigated issue but are, as to this item, only incidental to the facts necessary to determine the issues properly litigated. There is no justification for the introduction of the item through the back door of the deficiency notice, and the attempt to do so in the face of the Board's express ruling to the contrary must be condemned as improper practice. *Davison* v. *Commissioner*, 60 Fed. (2d) 50; *State Consolidated Oil Co.* v. *Commissioner*, 66 Fed. (2d) 648; *Fifth Street Building* v. *Commissioner*, 77 Fed. (2d) 605; *Helvering* v. *Edison Securities Corporation*, 78 Fed. (2d) 85; *Morrisdale Coal Co.* v. *Commissioner*, 97 Fed. (2d) 272, 288; *Commissioner* v. *Sussman*, 102 Fed. (2d) 919.

The petitioners' computation filed January 16, 1941, is in accordance with the Board's report and is the proper basis of the decision.

The respondent, on January 15, 1941, also filed a motion for leave to file out of time a motion to vacate, etc., in order to bring the decision within the rule of *Electro-Chemical Engraving Co.* v. *Commissioner*, 311 U. S. 513 and *Commissioner* v. *Hammel*, 311 U. S. 504. These opinions of the Supreme Court have been duly considered and are found to be distinguishable and to require no modification of the Board's opinion in the present proceeding.